UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANGELO RODRIGUEZ, on behalf of himself, and all Other Similarly Situated Employees, | § § § § | No. 1:24-cv-0752-DAE |
| *Plaintiff,* | § § | |
| v. | § § | |
| KASEYA HOLDINGS, INC., KASEYA INC., and DATTO HOLDING CORP., | § § § § | |
| *Defendants.* | § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by United States Magistrate Judge Mark Lane. (Dkt. # 25.) On September 13, 2024, Defendants Kaseya Holdings, Inc., Kaseya Inc., and Datto Holding Corp. (collectively, "Kaseya" or "Defendants") filed their Partial Motion to Dismiss the Amended Class Action Complaint. (Dkt. # 15.) On September 26, 2024, Plaintiff Angelo Rodriguez ("Plaintiff"), on behalf of himself and all Others Similarly Situated Employees, filed his response in opposition to the motion. (Dkt. # 16.) On October 3, 2024, Defendants filed their reply. (Dkt. # 17.)

On March 31, 2025, Judge Lane submitted a Report and Recommendation, recommending that the Court grant in part and deny in part the

1

Partial Motion to Dismiss. (Dkt. # 25.) The parties did not file objections to the Report.

The Court finds this matter suitable for disposition without a hearing. After reviewing the Report and the information contained in the record, the Court **ADOPTS** the Report. The Partial Motion to Dismiss (Dkt. # 15) is therefore **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

The Court agrees with Judge Lane's recitation of the facts and incorporates them in full:

The parties include Plaintiff Angelo Rodriguez ("Rodriguez"), who worked for Kaseya from January 2022 until his termination as a Principal Solutions Engineer. (Dkt. # 25 at 2.) Defendants include Kaseya Holdings, Inc., Kaseya Inc., and Datto Holding Corp. (collectively, "Kaseya"). (Id. at 1.) Defendant Kaseya Inc. was terminated from the suit on August 30, 2024. (Id. at 1, n.3.) Rodriguez alleges that on April 2, 2024, Rodriguez, his team, and hundreds of other employees out of the Miami office were terminated without any advanced warning. (Id. at 2.)

Plaintiff brings this employment discrimination class action against Kaseya, asserting claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Texas Labor Code Chapter 21, the

2

Older Workers Benefit Protection Act of 1990 ("OWBPA"), and the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 *et seq*. (Dkt. # 14 at 2.)  Plaintiff purports to bring the WARN Act Claim on behalf of himself and those similarly situated.

On August 13, 2024, Kaseya moved to dismiss Rodriguez's original complaint.  (Dkt. # 11.)  The motion was mooted after Rodriguez filed his Amended Complaint ("FAC") (Dkt. # 14) on August 30, 2024.  Defendants now move to dismiss Rodriguez's OWBPA and WARN claims in its Partial Motion to Dismiss the Amended Complaint and do not contest Rodriguez's ADEA and Texas Labor Code claims.  (Dkt. # 15 at 1–2.)

## APPLICABLE LAW

I. <u>Review of Report and Recommendation</u>

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  <u>See</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. <u>Thomas v. Arn</u>, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  <u>Battle v. U.S. Parole Comm'n</u>,

834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.     12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he [C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. Wilson, 864 F.2d at 1221. After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds that Magistrate Judge Lane's 12(b)(6) analysis is reasonable and absent of clear error.

In the Report, Judge Lane concluded that Rodriguez does not have standing to bring his OWBPA claim and it must be dismissed without prejudice. (Dkt. # 25 at 5.) Judge Lane reasoned that because Rodriguez did not sign the Separation Agreement and Release of All Claims ("Release") that Kaseya provided to employees being terminated on or about April 2, 2024, he has not suffered a "concrete and particularized" injury that is "actual or imminent, not conjectural or hypothetical" under the OWBPA. (Id. at 4–5.) The Court agrees that Rodriguez is currently exercising his full legal right to sue and has not been limited in any way or prevented from doing so, except by the exhaustion requirements pertaining to his other claims.

Next, Judge Lane concluded that Rodriguez's allegations are sufficiently pleaded to state a claim under the WARN Act and that any factual

5

disputes are better left for later stages of the litigation. (Id.) A valid WARN Act claim requires the presence of the following three elements: "(1) a mass layoff [or plant closing as defined by the statute] conducted by (2) an employer who fired employees (3) who, pursuant to WARN, are entitled notice." Sides v. Macon Cnty. Greyhound Park, Inc., 725 F.3d 1276, 1281 (11th Cir. 2013); 29 U.S.C. § 2102(a).

Here, Judge Lane found that Rodriguez plausibly alleged a mass layoff occurred at Kaseya's Miami site in April 2024 and that Miami was Rodriguez's single site of employment. (Dkt. # 25 at 8–9.) Moreover, to the extent there is any factual dispute as to the "true mass layoff numbers," the evidentiary support necessary to negate Rodriguez's allegations would be best reviewed at the summary judgement stage. See, e.g., LCP RCP, LLC v. Ally Bank, No. 3:19-CV-00396-M, 2019 WL 13095364, at *3 (N.D. Tex. July 31, 2019) ("The Court cannot resolve factual disputes on a motion to dismiss.")

## CONCLUSION

For the reasons above, the Court **ADOPTS** United States Magistrate Judge Mark Lane's Report and Recommendation in full as the opinion of this Court. (Dkt. # 25.) Defendants' Partial Motion to Dismiss the Amended Complaint (Dkt. # 15) is **GRANTED IN PART** with respect to Rodriguez's OWBPA claim, which should be **DISMISSED WITHOUT PREJUDICE**, and **DENIED IN PART** with respect to Rodriguez's WARN Act Claim.

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, April 21, 2025.

_____
David Alan Ezra
Senior United States District Judge